IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00725-BNB

FREDERICK D. DEBERRY,

    Plaintiff,

v.

BLAKE R. DAVIS,
J. FOX,
D. SPROUL,
MICHAEL K. NALLEY, and
HARLEY G. LAPPIN,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 23 2010

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Frederick D. Deberry, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the United States Penitentiary, Administrative Maximum (ADX), in Florence, Colorado. Mr. Deberry filed *pro se* a civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.

The Court must construe Mr. Deberry's filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Deberry will be directed to file an amended complaint.

Mr. Deberry alleges that in order to be considered for placement in an open-population penitentiary he must participate in and successfully complete a three-step ADX program which consists of a minimum of 36 months of clear conduct and programming in three phases. The third phase, the pre-transfer phase, includes placement in the Delta/Bravo (D/B) Unit. He asserts that on March 18, 2009, while he was in the D/B Unit, he was involved in an altercation with a co-inmate after which he was charged with two disciplinary offenses, ultimately convicted on charges of disruptive conduct (most like fighting), removed from the step-down program, and placed in disciplinary segregation for thirty days.

Mr. Deberry contends that on May 28, 2009, after he appealed the findings of the disciplinary hearing officer (DHO), Defendant Michael K. Nalley found that the DHO had made an error, and Mr. Nalley returned the incident report to ADX for reconsideration. On July 21, 2009, the DHO expunged the incident report and reinstated all of Mr. Deberry's previously restricted privileges. However, Mr. Deberry apparently was recommended for placement in the general ADX population for at least a year before being allowed to participate in the three-step program. Mr. Deberry complains that the Defendants' refusal to return him to his original status in the D/B step-down program unit and requirement that he complete the entire ADX program a second time violates his constitutional rights to due process, equal protection, and to be free from double jeopardy. He asks for declaratory and injunctive relief and money damages.

Mr. Deberry's complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they

2

may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Deberry to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Deberry fails to set forth a short and plain statement of his claims showing that he is entitled to relief. The complaint, which is twenty-five pages long with an additional seventeen pages of attached exhibits, is verbose and repetitive. Although Mr. Deberry asserts three claims for relief, each of which concerns his removal from the BOP step-down program, he sets forth an extended and unnecessary discussion of

3

often insignificant details and legal argument in support of his claims rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). As a result, the Court finds that the complaint is excessively and unnecessarily long. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Mr. Deberry will be directed to file an amended complaint that complies with the pleading requirements of Rule 8. Mr. Deberry is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.

In the amended complaint, Mr. Deberry must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Deberry must name and show how named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Blake R. Davis, ADX warden, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Deberry may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Deberry uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Deberry will be directed to file an amended complaint that states his claims clearly and concisely, asserts what constitutional rights were violated, and alleges specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Plaintiff, Frederick D. Deberry, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Deberry, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form to be used in submitting the amended complaint. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that if Mr. Deberry fails to file an amended complaint as directed, the complaint and the action will be dismissed without further notice.

DATED April 23, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00725-BNB

Frederick D. Deberry
Reg No. 09303-042
US Penitentiary ADX
P.O. Box 8500
Florence, CO 81226-8500

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 4/23/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk