**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-00725-CMA-BNB

FREDERICK D. DEBERRY,

    Plaintiff,

v.

BLAKE R. DAVIS,
J. FOX, and
D. SPROUL,

    Defendants.

---

**ORDER ADOPTING AND AFFIRMING FEBRUARY 3, 2011 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This case was referred to United States Magistrate Judge Boyd N. Boland pursuant to 28 U.S.C. § 636. On February 3, 2011, the Magistrate Judge issued a Report and Recommendation concerning Defendants' Motion to Dismiss. The Magistrate Judge recommended that the Motion be granted, and the Complaint be dismissed for failure to state a claim upon which relief can be granted. The Magistrate Judge also recommended that the claims be dismissed with prejudice. (*See* Doc. # 50.)

## I. BACKGROUND

The factual and procedural background of this matter is set out at length in Magistrate Judge Boland's Recommendation, and the Court deems that recitation

incorporated herein.  Thus, this Court provides only a brief overview of the facts and procedural history and will expand on them, when necessary, within the analysis.

Plaintiff is currently incarcerated by the Federal Bureau of Prisons ("BOP") at the United States Prison, Administrative Maximum in Florence, Colorado ("ADX"). On March 18, 2009, while housed in the D/B Unit, a "pre-transfer" "step-down unit," Plaintiff received an incident report charging him with involvement in an altercation with another prisoner.  Pending resolution of the incident report, Plaintiff was transferred to the ADX General Population.  Plaintiff was originally found guilty, but the finding was later expunged.  Plaintiff filed an "Attempt at Administrative Remedy" requesting that he be transferred back to the D/B Unit.  Defendant Davis denied Plaintiff's request. On September 22, 2009, Defendant Sprout acknowledged that the incident report had been expunged but recommended that Plaintiff remain in the ADX General Population for at least one year.  Defendant Fox approved this decision.

On November 12, 2009, Plaintiff was removed from the ADX General Population and placed back into the D/B Unit.  In his Amended Complaint (Doc. # 8), Plaintiff asserts that Defendants' refusal to return him to the D/B Unit immediately after expungement of the incident report violated his constitutional rights to due process and equal protection and his right to be free from double jeopardy.

On August 26, 2010, Defendants responded to Plaintiff's Amended Complaint by filing a Motion to Dismiss.  (Doc. # 18.)  Plaintiff responded to Defendants' Motion

on September 27, 2010, and Defendants replied on October 4, 2010. (Doc. ## 26, 28.) In addition, Plaintiff filed a Motion for Preliminary Injunction. (Doc. # 36.)

In the Recommendation, Magistrate Judge Boland, finding that Plaintiff had not pleaded sufficient facts to show that Defendants violated Plaintiff's constitutional rights, recommended that Plaintiff's claims should be dismissed with prejudice. (Doc. # 50.) In a separate Recommendation, Magistrate Judge Boland recommended that Plaintiff's Motion for Preliminary Injunction be denied. (Doc. # 49.) On February 22, 2011, Plaintiff, proceeding *pro se*, filed timely objections to both of the Magistrate Judge's recommendations. (Doc. # 51.) Defendants responded to the objections on February 25, 2001. (Doc. # 52.)

## II. **STANDARD OF REVIEW**

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* The Court has conducted the requisite *de novo* review of the issues and the relevant pleadings, including the Recommendation and Plaintiff's objections.

The Court must construe the filings of a *pro se* litigant liberally as they are held to a less stringent standard than formal pleadings drafted by lawyers. *Hall v. Bellmon*, 935

3

F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. State of N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Dismissal for failure to state a claim, "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)); *see also Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.").

### III.  ANALYSIS

Plaintiff raises three objections that warrant discussion.  Plaintiff contends that the Magistrate erred in finding that (1) Defendants' conduct did not violate Plaintiff's due process rights; (2) Defendants' conduct did not violate Plaintiff's equal protection rights;

and (3) Defendants' conduct did not violate Plaintiff's right to be free of double jeopardy.[1] The Court considers each of these in turn.

**A.    DUE PROCESS**

Plaintiff contends that Defendants' refusal to immediately restore him to the D/B Unit was arbitrary and capricious and, thus, violated his due process rights. (Doc. # 51 at 3.) The Fifth Amendment guarantees due process when a person is deprived of life, liberty, or property. U.S. Const. amend. V. The Due Process Clause "shields from arbitrary or capricious deprivation those facets of a convicted criminal's existence that qualify as 'liberty interests.'" *Harper v. Young*, 64 F.3d 563, 564 (10th Cir. 1995), *aff'd*, 520 U.S. 143 (1997). Thus, before determining whether a prisoner's due process rights have been violated, this Court must determine whether Plaintiff's confinement in the ADX General Population, as opposed to the D/B Unit, implicates a liberty interest.

It is well established that prisoners retain only a "narrow range of protected liberty interests." *Abbott v. McCotter*, 13 F.3d 1439, 1442 (10th Cir. 1994) (quoting *Hewitt v. Helms*, 459 U.S. 460, 466 (1983)). Nevertheless, the government "may create a liberty interest protected by the Due Process Clause." *Jordan v. Fed. Bureau of Prisons*, 191

---

[1] Plaintiff also objects to the Magistrate Judge's separate recommendation denying the Motion for a Preliminary Injunction. The Magistrate Judge correctly noted that the type of preliminary injunction that Plaintiff seeks is disfavored because it is a mandatory injunction and an injunction that would disturb the status quo. *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098-99 (10th Cir. 1991) (*overruled on other grounds by Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975-76 (10th Cir. 2004)). Therefore, Plaintiff "must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of the harms." *O Centro Espirita Beneficiente Uniao Do Vegetal*, 389 F.3d at 976. The Court agrees with the Magistrate Judge that Plaintiff has not shown the requisite likelihood of success on the merits. (Doc. # 49.)

F. App'x 639, 650 (10th Cir. 2006) (unpublished). A prisoner's liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, [] nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005).

The following considerations are relevant to the inquiry of what constitutes an atypical and significant hardship: (a) whether the conditions of the plaintiff's confinement relate to and further a legitimate penological interest such as safety or rehabilitation; (b) whether the conditions are extreme; (c) whether the placement in the conditions increases the duration of the plaintiff's confinement; and (d) whether the placement in the conditions is indeterminate. *Estate of Dimarco v. Wyo. Dept. Of Corr. Div. of Prisons*, 473 F.3d 1334, 1342 (10th Cir. 2007).

Applying these factors, the Magistrate Judge concluded that Plaintiff failed to establish three of the factors (whether the conditions were extreme; whether the conditions increased the duration of confinement; whether the confinement was indeterminate). Although the transfer from the D/B Unit to the General Population arguably was not in furtherance of a legitimate penological interest, "the transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence." *Hewitt v. Helms*, 459 U.S. 460, 468 (1983) (overruled on other grounds by *Sandin*, 515 U.S.

at 479-83).  As the Magistrate Judge noted, the conditions faced by Plaintiff in the ADX General Population were no more burdensome than conditions faced by other inmates in cases where the courts have found no due process violations.  *See Dimarco*, 473 F.3d at 1343 (plaintiff's "conditions of confinement were admittedly spartan, but not atypical of protective custody"); *Jordan*, 191 F. App'x at 652 (administrative segregation at ADX for five year period did not constitute an atypical and significant hardship); *Georgacarakos v. Wiley*, No. 07-cv-01712, 2010 WL 1291833, at *12-13 (D. Colo. Mar. 30, 2010) (no liberty interest in conditions imposed in the ADX General Population).  Furthermore, Plaintiff did not allege that his placement in the ADX General Population extended the duration of his confinement or was indeterminate.  This Court agrees with the Magistrate Judge's conclusion that Plaintiff did not have a constitutionally protected liberty interest in the transfer from the D/B Unit to the General Population.  Thus, Plaintiff's due process rights were not violated, irrespective of whether Defendants' conduct was arbitrary and capricious.

**B.     EQUAL PROTECTION**

Plaintiff contends that Defendants' actions violated his right to equal protection by refusing to restore him to his prior status after the expungement of the incident report.  (Doc. # 8 at 3.)  Plaintiff alleges that "in all other cases, once a finding of guilt was set aside, other prisoners were immediately restored to their prior status."  (Doc. # 8 at 13.)

The Fourteenth Amendment provides that "[n]o State shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the

laws. U.S. Const. amend XIV, § 1. This equal protection guarantee applies to the federal government through the Due Process Clause of the Fifth Amendment. *Adarand Constructors, Inc. v. Slater*, 228 F.3d 1147, 1152 (10th Cir. 2000). Equal protection mandates that "all persons similarly situated should be treated alike." *Fogle v. Pierson*, 435 F.3d 1252, 1260 (10th Cir. 2006) (quotations omitted).

Although equal protection jurisprudence is typically concerned with governmental classifications affecting some groups of citizens differently than others, an equal protection claim can sometimes be sustained where the plaintiff claims that he has been irrationally singled out as a so-called "class of one." *Engquist v. Or. Dept. of Agric.*, 553 U.S. 591, 601 (2008). To state an equal protection claim where no suspect class is involved, Plaintiff must show that (1) he is similarly situated to other inmates who were treated differently and (2) the difference in treatment bears no rational relation to legitimate penological interests. *Fogle*, 435 F.3d at 1261.

Plaintiff has not shown that he was similarly situated to other inmates who were treated differently. Plaintiff's allegations are merely conclusory in that they do not provide any factual basis for his equal protection claim. *See Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995) ("even pro se litigants must do more than make mere conclusory statements regarding constitutional claims."). Even assuming the truth of Plaintiff's allegation that other prisoners were immediately restored to their prior status after a finding of guilt was set aside, such allegations are conclusions in that Plaintiff

fails to identify any other prisoners who have been treated differently or explain how they were similarly situated.

Furthermore, the BOP is afforded broad discretion in dealing with prisoners, "meaning they can consider 'whatever . . . seems relevant in making the qualitative judgment how to classify an individual inmate.'" *Fogle*, 435 F.3d at 1261 (quoting *Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994); *see also Rhodes v. Chapman*, 452 U.S. 337, 349 n.14 (1981) ("a prison's internal security is peculiarly a matter normally left to the discretion of prison administrators"). Thus,

> it is "clearly baseless" to claim that there are other inmates who are similar in every relevant respect. Not only might the [correctional institution] classify inmates differently because of slight differences in their histories, but some still seem to present more risk of future conduct than others. [A prisoner's] claim that there are no relevant differences between him and other inmates that reasonably might account for their different treatment is not plausible or arguable.

*Id.*

Given the BOP's broad discretion, Plaintiff has failed to show that there were other prisoners similarly situated as required for an equal protection claim. *See Magluta v. U.S. Fed. Bureau of Prisons*, No. 08-cv-00404, 2009 WL 1504749, at *5 (D. Colo. May 28, 2009) (unpublished) ("the requirement to show that an inmate is 'similarly situated' to other inmates is arduous, if not impossible . . . .").

9

### C. DOUBLE JEOPARDY

Plaintiff contends that Defendants have subjected him to double jeopardy by requiring him to complete the ADX programs a second time. (Doc. # 8 at 5.) The Double Jeopardy Clause applies only to proceedings that are essentially criminal in nature. *See Breed v. Jones*, 421 U.S. 519, 528 (1975). As the Magistrate Judge correctly noted, it is well established that prison disciplinary sanctions do not implicate double jeopardy protections. *Fogle*, 435 F.3d at 1262. Thus, Plaintiff's double jeopardy claim is without merit.

### D. DISMISSAL WITH PREJUDICE

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010). In this case, amendment would be futile. Given the fact that Defendants' conduct had no effect on the duration of Plaintiff's confinement, was not indeterminate, and did not subject Plaintiff to an "atypical or significant hardship," Plaintiff's transfer to the D/B Unit does not implicate any liberty interest as required to sustain a due process claim. For the reasons stated in the previous section, Plaintiff's equal protection claim would not benefit from amendment. *See Fogle*, 435 F. 3d at 1261. Lastly, the Double Jeopardy Clause simply does not apply to proceedings that are not criminal in nature, thus, further amendment would be futile. The Court concludes that giving Plaintiff an opportunity to amend would be futile in this matter, and

all claims should be dismissed with prejudice for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

The Court concludes that the Magistrate Judge's thorough and comprehensive analyses and recommendations are correct. Therefore, Plaintiff's Objections are OVERRULED and the Court hereby ADOPTS and AFFIRMS the Report of the United States Magistrate Judge as the findings and conclusions of this Court. (Doc. # 50.) Accordingly, IT IS ORDERED THAT:

1. Defendants' Motion to Dismiss (Doc. # 18) is GRANTED.
2. All claims against all Defendants are DISMISSED WITH PREJUDICE.
3. Plaintiff's Motion for Preliminary Injunction, Temporary Restraining Order, and Evidentiary Hearing (Doc. # 36) is DENIED AS MOOT.

DATED: March  31 , 2011

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge